UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 02-10591
CT/AG#: CR-00-00186-WJR

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

JULIE D. JAMES, aka Julie Savage

    Defendant - Appellant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 14 2004

at __ o'clock and __ min. __ M.
WALTER A.Y.H. CHINN, CLERK

----------------------

    APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

    THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

    ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered May 18, 2004.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUN - 9 2004

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2004

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JULIE D. JAMES, aka Julie Savage,<br><br>Defendant - Appellant. | No. 02-10591<br><br>D.C. No. CR-00-00186-WJR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
William J. Rea, District Judge, Presiding

Argued and Submitted May 3, 2004
Honolulu, Hawaii

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

Julie D. James pled guilty to using a telephone to facilitate a conspiracy to distribute in excess of 100 grams of heroin. James subsequently moved to withdraw her guilty plea based primarily on the sentence her husband and co-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

defendant, Michael Savage, received. As an alternative remedy to this perceived disparity, James requested a two-level downward departure. The district court denied the motion to withdraw the guilty plea, and did not address James's request for a downward departure. James challenges her sentence and also contends, for the first time, that her plea colloquy failed to comport with the requirements of Rule 11.

James pled guilty pursuant to a plea agreement, and surrendered her "right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that [she] perceives to be an incorrect application of the Guidelines."

Contemporaneously with James's plea, the government filed, and Savage pled guilty to, a one-count information charging him with "conspiring to knowingly and intentionally distribute and possess with intent to distribute 99 grams of heroin, a Schedule I controlled substance." By pleading to 99, rather than 100, grams of heroin, Savage avoided a five-year mandatory minimum sentence, and reduced his base offense level.[1] Although the government argued

---

[1] However, Savage's charge carried a 20-year maximum sentence, while the charge to which James pled guilty carried a four-year maximum sentence.

2

that Savage should receive a higher sentence than James, the court sentenced both Savage and James to prison terms of 37 months.

James contends that "the prosecutor presented to the court a theory and set of facts that he knew contradicted the theory and facts that he planned to advance, and did advance, at [Savage's] sentencing hearing." James maintains that had she been in possession of the fact that the prosecutor considered Savage's charge to involve less than 100 grams, she would not have pled guilty.

James's claim is without merit. First, the drug quantity recited in Savage's plea agreement was simply a reward for his cooperation, rather than a tacit admission that the conspiracy involved less than that amount. Second, "[a] guilty plea cannot be withdrawn after sentencing unless a 'manifest injustice' would result." *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998) (citation omitted). "There can be no manifest injustice in refusing to permit a defendant to withdraw a guilty plea when there is no serious contention that the defendant is innocent of the crimes charged." *Id.* (citation omitted). James admitted in her plea agreement that the conspiracy she facilitated involved more than 100 grams of heroin, failed to object when the PSR adopted that same figure, and never requested that district court hold an evidentiary hearing to determine if the conspiracy involved less than that amount. There is simply nothing in the record

3

demonstrating that the conspiracy involved less than 100 grams of heroin. Consequently, there is no serious contention that James is innocent of the crime with which she was charged, and no manifest injustice resulted from the denial of her motion to withdraw her guilty plea. *See id.* at 881.

Moreover, "[a] district court's discretionary refusal to depart downward is unreviewable on appeal." *United States v. Estrada-Plata*, 57 F.3d 757, 761 (9th Cir. 1995) (citation omitted). "We may review a decision not to depart only where it was based on a mistaken belief that the court had no authority to depart." *Id.* at 761-62 (citation omitted). However, a "court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart." *United States v. Garcia-Garcia*, 927 F.2d 489, 491 (9th Cir. 1991). Here, as in *Garcia-Garcia*, "[t]he court simply rendered judgment, in the face of [James's] request for departure, without comment." *Id.* "Under these circumstances we will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." *Id.*

Although the court's plea colloquy with James was brief, it was adequate. "[F]or purposes of plain error review we shall consider a Rule 11 violation to have affected a defendant's substantial rights only when the *defendant* proves that (1)

4

the district court's error was not minor or technical *and* that (2) the defendant did not understand the rights at issue when he entered his guilty plea." *United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir. 2002) (citation omitted) (emphasis in the original). Because James unequivocally admitted throughout the proceedings that she facilitated a conspiracy to distribute in excess of 100 grams of heroin, she cannot establish an effect on her substantial rights. *See id.* at 1120.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUN - 9 2004

by: [signature]
Deputy Clerk

5